## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>GULF COAST HEALTH CARE, LLC, *et al.*,[1]<br><br>Debtors. | )   Chapter 11<br>)<br>)   Case No. 21-11336 (KBO)<br>)<br>)   Jointly Administered<br>)<br>)   **Obj. Deadline: 11/5/21 at 4:00 p.m. (ET)**<br>)   **Hrg. Date: 11/12/21 at 10:00 a.m. (ET)** |

## MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 501, 502, 503, AND 1111(a), BANKRUPTCY RULES 2002 AND 3003(c)(3), AND LOCAL RULES 1009-2 AND 2002-1(e) (I) ESTABLISHING BAR DATES FOR FILING CLAIMS AGAINST THE DEBTORS AND (II) APPROVING FORM AND MANNER OF NOTICE THEREOF

Gulf Coast Health Care, LLC ("**Gulf Coast**") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby move (the "**Motion**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Bar Date Order**"), granting the relief described below.  In support thereof, the Debtors respectfully represent as follows:

### RELIEF REQUESTED

1.      By the Motion, the Debtors respectfully request entry of the Bar Date Order establishing deadlines for filing claims in the Chapter 11 Cases (as defined below) and approving the form and manner of notice thereof, as follows:

---

[1]   The last four digits of Gulf Coast Health Care, LLC's federal tax identification number are 9281.  There are 62 Debtors in these chapter 11 cases, which cases are being jointly administered for procedural purposes only.  A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/GulfCoastHealthCare.  The location of Gulf Coast Health Care, LLC's corporate headquarters and the Debtors' service address is 40 South Palafox Place, Suite 400, Pensacola, FL 32502.

(a)    the Debtors propose to establish December 10, 2021 at 5:00 p.m. (Eastern Time) (the "**General Bar Date**"), as the deadline for all persons and entities,[2] other than governmental units,[3] holding a claim against the Debtors arising (or deemed to arise) on or before the Petition Date (as defined below), including claims arising under Bankruptcy Code section 503(b)(9), to file proofs of claim in the Chapter 11 Cases;

(b)    the Debtors propose to establish April 12, 2022 at 5:00 p.m. (Eastern Time) (the "**Governmental Bar Date**"), as the deadline for governmental units holding a claim against the Debtors arising (or deemed to arise) on or before the Petition Date to file proofs of claim in the Chapter 11 Cases;

(c)    the Debtors propose to establish the later of (i) the General Bar Date or (ii) twenty-one (21) days from the date notice is served alerting a creditor of the amendment to the Debtors' schedules of assets and liabilities (the "**Schedules**") affecting such creditor's claim, as the bar date (the "**Amended Schedules Bar Date**") for filing a proof of claim with respect to such amended claim;[4] and

(d)    the Debtors propose that proofs of claim for any rejection damages arising from the rejection of any unexpired lease or executory contract of a Debtor (an "**Agreement**") during the Chapter 11 Cases be filed by the later of (i) 30 days after the effective date of rejection of such Agreement as provided by an order of the Court or pursuant to a notice under procedures approved by the Court, (ii) any date set by another order of the Court, or (iii) the General Bar Date or the Governmental Bar Date, whichever is applicable (the "**Rejection Bar Date**" and, collectively with the General Bar Date, the Governmental Bar Date, and the Amended Schedule Bar Date, the "**Bar Dates**").  Except as further set forth herein, proofs of claim for any other claims that arose prior to the Petition Date with respect to a contract or lease must be filed by the General Bar Date.

## JURISDICTION AND VENUE

2.     The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157

and 1334 and the *Amended Standing Order of Reference* from the United States District Court

for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C.

---

[2]    As used herein, the terms "person" and "entity" shall have the meanings ascribed to such terms in Bankruptcy Code sections 101(41) and 101(15), respectively.

[3]    As used herein, the term "governmental unit" shall have the meaning ascribed to such term in Bankruptcy Code section 101(27).

[4]    The imposition of the Amended Schedules Bar Date is consistent with Local Rule 1009-2, which provides a creditor with twenty-one (21) days to file a proof of claim after the date that notice of the applicable amendment is served on such creditor.

§ 157(b).  Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The legal predicates for the relief requested herein are sections 105(a), 501, 502, 503, and 1111(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 1009-2 and 2002-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

4.      The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**BACKGROUND**

I.     **The Chapter 11 Cases**

5.      On October 14, 2021 (the "**Petition Date**"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").  The Chapter 11 Cases are being jointly administered for procedural purposes only.

6.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

7.      To date, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") has not appointed an official committee in these Chapter 11 Cases, nor has any trustee or examiner been appointed.

8.      Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons

for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of M. Benjamin Jones in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 16] (the "**First Day Declaration**").

## ESTABLISHMENT OF THE BAR DATES

9.    Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in chapter 11 cases and provides in relevant part that: "[t]he court shall fix and for cause shown may extend the time within which proofs of claim . . . may be filed."  Fed. R. Bankr. P. 3003(c)(3).  Although Bankruptcy Rule 2002(a)(7) generally provides that all parties-in-interest must receive, at a minimum, twenty-one (21) days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than Bankruptcy Code section 502(b)(9), which provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file proofs of claim).  The Court has authority to grant the relief requested in this Motion in furtherance of Bankruptcy Rule 3003 and under Bankruptcy Code section 105(a), which empowers bankruptcy courts to enter "any order, process, or judgment that is necessary or appropriate" to carry out the provisions of the Bankruptcy Code.  11 U.S.C. § 105(a).

10.    Here, the Debtors propose to give all creditors at least twenty-one (21) days' notice of the Bar Dates.  Moreover, although the Debtors have not yet filed their Schedules with the Court, the Debtors intend to do so at least ten days in advance of the proposed General Bar Date.  Creditors will therefore have ample time to review the Schedules and their own records and file proofs of claim if necessary.

11.     The Debtors have entered into a comprehensive Restructuring Support Agreement with their key stakeholders, pursuant to which the Debtors must file, within ten (10) business days after the Petition Date, a chapter 11 plan and accompanying disclosure statement reflecting the terms of the Restructuring Support Agreement and providing for the consummation of the transactions set forth therein.  To facilitate consummation of a chapter 11 plan, the Debtors will require complete and accurate information regarding the nature, validity, amount, and status of all claims that will be asserted in the Chapter 11 Cases.  Consequently, the Bar Dates and the form and manner of notice proposed in the Motion are necessary and appropriate.

## I.     General Bar Date

12.     The Debtors request that the Court establish **December 10, 2021 at 5:00 p.m. (Eastern Time**) as the General Bar Date.  The Debtors intend to give notice of the General Bar Date, substantially in the form attached to the Bar Date Order as **<u>Exhibit A</u>** (the "**Bar Date Notice**"), on or before November 15, 2021 (or otherwise within two (2) business days after the entry of the Bar Date Order, if such order is not entered on November 12, 2021) (the "**Service Date**"), by mailing a copy of the Bar Date Notice, together with a proof of claim form substantially in the form attached to the Bar Date Order as **<u>Exhibit B</u>** (the "**Proof of Claim Form**"),[5] to all known persons and entities holding potential claims against the Debtors.  The Debtors have requested that the Court establish December 10, 2021 at 5:00 p.m. as the General Bar Date to ensure that potential creditors receive no fewer than twenty-one (21) days' notice after the Service Date (in this case, 28 days after the hearing to consider this Motion) to file a claim in the Chapter 11 Cases.

---

[5]     The Proof of Claim Form is substantially in the form of Official Bankruptcy Form 410, but has been modified, and may be further modified in certain limited respects, to accommodate the claims process in the Chapter 11 Cases.

13.     The General Bar Date would be the date by which all persons and entities, excluding governmental units, holding or asserting prepetition claims against the Debtors must file a Proof of Claim Form unless they fall within one of the exceptions set forth in this Motion. Subject to these exceptions, the General Bar Date would apply to all persons or entities, including without limitation general unsecured creditors and creditors holding claims under Bankruptcy Code section 503(b)(9), that assert a claim against the Debtors that arose or is deemed to have arisen on or prior to the Petition Date.

## II.    Inclusion of Section 503(b)(9) Claims in the General Bar Date

14.     The Debtors also propose that the filing of a Proof of Claim be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under Bankruptcy Code section 503(b)(9) (which, despite the administrative priority status, are prepetition claims).

15.     Any claimant asserting a claim pursuant to Bankruptcy Code section 503(b)(9) (each, a "**503(b)(9) Claim**") must (i) complete the appropriate box in the Proof of Claim Form and, thereby, identify the amount of such claim believed to be entitled to administrative expense priority treatment under Bankruptcy Code section 503(b)(9) and (ii) attach documentation supporting such claim.  To the extent that a claimant fails to identify the existence and amount of its 503(b)(9) Claim on the Proof of Claim Form, the claim will not be regarded as a 503(b)(9) Claim, and the claim will not be entitled to priority treatment under Bankruptcy Code section 503(b)(9).

## III.    Governmental Bar Date

16.     Bankruptcy Code section 502(b)(9) provides, in relevant part, that "a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide … ."  11 U.S.C. § 502(b)(9).

The Debtors propose to establish **April 12, 2022 at 5:00 p.m. (Eastern Time)**, as the Governmental Bar Date.  Pursuant to Bankruptcy Rule 3003(c) and Bankruptcy Code section 502(b)(9), the Debtors request that any governmental units that are creditors holding or wishing to assert claims arising (or deemed to arise) on or before the Petition Date against the Debtors be required to file, on or before the Governmental Bar Date, a Proof of Claim Form on account of any such claims in accordance with the procedures set forth herein.

IV.    **Amended Schedules Bar Date**

17.    In accordance with Local Rule 1009-2, if the Debtors amend their Schedules to change the amount, nature, classification, or characterization of a claim, the Debtors propose that the affected claimant be required to file a Proof of Claim Form or amend any previously filed proof of claim with respect to the amended scheduled claim on or before the later of (i) the General Bar Date or (ii) twenty-one (21) days from the date notice is served alerting the affected creditor of the amendment to the Schedules.  If the Debtors amend the Schedules with respect to the claim of a governmental unit, the governmental unit will be given until the later of (a) the Governmental Bar Date or (b) twenty-one (21) days from the date notice is served alerting the affected governmental unit of the amendment to the Schedules to file a Proof of Claim Form or to amend any previously filed proof of claim with respect to the amended scheduled claim.

V.    **Rejection Bar Date**

18.    In the event that the Debtors reject any Agreements prior to the confirmation of a chapter 11 plan, the Debtors anticipate that certain persons or entities may assert claims in connection with the Debtors' rejection such Agreements ("**Rejection Damages Claims**").  The Debtors propose that the Court establish the Rejection Bar Date as the deadline for filing Proofs of Claim for any Rejection Damages Claims.

## PARTIES REQUIRED TO FILE PROOF OF CLAIM FORMS

19.     The proposed Bar Date Order provides that each person or entity (including, without limitation, each individual, partnership, joint venture, limited liability company, corporation, estate, trust, or governmental unit) asserting a claim against the Debtors is required to file a Proof of Claim Form in the Chapter 11 Cases.

20.     Each Proof of Claim Form must be *actually received* on or before the applicable Bar Date associated with such claim by Epiq Corporate Restructuring, LLC, the Court-approved claims and noticing agent in the Chapter 11 Cases (the "**Claims Agent**" or "**Epiq**").  Proof of claims must be filed by: (a) mailing the original Proof of Claim by regular mail to Gulf Coast Health Care, LLC Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4419, Beaverton, OR 97076-4419, (b) delivering such original Proof of Claim by overnight mail, courier service, hand delivery, or in person to Gulf Coast Health Care, LLC Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005; or (iii) completing the electronic Proof of Claim Form (an "**Electronic Proof of Claim**") available at https://dm.epiq11.com/GulfCoastHealthCare.  **Proof of Claim Forms will be deemed timely filed only if _actually received_ by Epiq on or before the applicable Bar Date.**

## CLAIMS NOT SUBJECT TO THE BAR DATE ORDER

21.     The Debtors propose that persons and entities wishing to assert the following types of claims against the Debtors need not file a Proof of Claim Form:

(a)     Claims on account of which a Proof of Claim Form already has been properly filed with either Epiq or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware against the Debtors;

(b)     Claims listed in the Debtors' Schedules filed with the Court, or in any supplements or amendments to the Schedules, (i) that are *not* identified as "contingent," "unliquidated," or "disputed"; and (ii) with respect to which the claimant agrees with the amount, nature, classification, and characterization of the claim as set forth in the Schedules;

(c)     Administrative claims arising under Bankruptcy Code sections 503(b)(1) through (8) and 507(a)(2);

(d)     Claims of the Debtors against other Debtors;

(e)     Claims against non-Debtor affiliates;

(f)     Claims by current managers, officers, and employees of the Debtors for indemnification, contribution, or reimbursement;

(g)     Claims previously allowed or paid pursuant to an order of the Court; and

(h)     Claims, including those of the DIP Lender, DIP Agent, and the Omega Landlords, specifically exempted from the General Bar Date or Rejection Bar Date pursuant to the Proposed Order or pursuant to a separate order of the Court in full force and effect, including the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 72].

## NO REQUIREMENT TO FILE PROOFS OF INTEREST

22.     The Debtors also propose that any holder of an interest in the Debtors (each, an "**Interest Holder**"), which interest is based solely upon the ownership of membership interests, common or preferred stock, warrants, options, or rights to purchase, sell, or subscribe to such a security or interest, of the Debtors (an "**Interest**"), not be required to file a proof of Interest based solely on account of such Interest Holder's ownership interest in the Debtors; *provided*, *however*, that any Interest Holder who wishes to assert a claim against the Debtors, including for damages arising from the purchase, sale, issuance, or distribution of such an Interest, must file a Proof of Claim Form on or before the General Bar Date.

## EFFECT OF FAILURE TO FILE PROOF OF CLAIM FORM

23.     The Debtors propose that any person or entity that is required to file a Proof of Claim Form in the form and manner specified in the Bar Date Order and that fails to do so on or before the applicable Bar Date:  (i) will be forever barred, estopped, and enjoined from asserting

such claim against the Debtors, their estates, or the property of the estates, or thereafter filing a Proof of Claim Form with respect thereto in the Chapter 11 Cases; (ii) will not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting upon any plan in these proceedings; and (iii) will not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim.

## PROPOSED PROCEDURES FOR PROVIDING NOTICE OF BAR DATES AND OF PROCEDURES FOR FILING PROOF OF CLAIM FORMS

24.     As set forth above, the Debtors intend to mail the Bar Date Notice, together with a Proof of Claim Form, substantially in the form attached to the Bar Date Order as **Exhibit B**, by first-class mail to all known persons and entities holding potential prepetition claims against the Debtors.[6]  In addition, the Debtors intend to provide notice of the Bar Dates to unknown creditors by causing a notice, substantially in the form attached to the Bar Date Order as **Exhibit C** (the "**Publication Notice**"), to be published one time in the national edition of either *The Wall Street Journal*, *The New York Times*, or *USA Today*, and no later than ten (10) business days after the entry of the Bar Date Order.  In the Debtors' judgment, the proposed publication is likely to reach the widest possible audience of creditors who may not otherwise have notice of the Chapter 11 Cases.

25.     The Bar Date Notice and Publication Notice will: (i) set forth the Bar Dates; (ii) advise creditors under what circumstances they must file a Proof of Claim Form under Bankruptcy Rules 3002(c)(2) and 3003(c)(3) or an order of the Court, as applicable; (iii) alert creditors to the consequences of failing to timely file a Proof of Claim Form, as set forth in Bankruptcy Rule 3003(c)(2) or an order of the Court, as applicable; (iv) set forth the addresses to

---

[6]     The Bar Date Order, Bar Date Notice, and Proof of Claim Form also will be accessible on Epiq's website: https://dm.epiq11.com/GulfCoastHealthCare.

which Proof of Claim Forms must be sent for filing; and (v) notify creditors that Proof of Claim

Forms (a) must be filed with original signatures, (b) must be written in English, (c) must be

denominated in lawful currency of the United States, (d) must attach any documents on which

the claim is based or an explanation as to why such documents are not available, and (e) must not

be transmitted by facsimile, telecopy, e-mail, or other electronic means (except for an Electronic

Proof of Claim), or such forms will not be deemed timely filed.  The Debtors submit that the Bar

Date Notice and the Publication Notice will provide creditors with sufficient information to file

properly prepared and executed Proof of Claim Forms in a timely manner.

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

26.    In conjunction with the setting of the Bar Dates, the Debtors must ensure that

interested parties receive appropriate notice of such Bar Dates.  To determine the adequacy of

notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown"

creditors.  *See Chemetron Corp. v. Jones*, 72 F.3d 341, 345-46 (3d Cir. 1995).  As the Third

Circuit explained in *Chemetron*, "[k]nown creditors must be provided with actual written notice

of a debtor's bankruptcy filing and claims bar date.  For unknown claimants, notification by

publication will generally suffice."  *Id.* at 346 (citations omitted).  A "known" creditor is one

whose identity is either known or is "reasonably ascertainable by the debtor."  *Id.*  (citing *Tulsa*

*Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)).  An "unknown" creditor is one

whose "interests are either conjectural or future or, although they could be discovered upon

investigation, do not in due course of business come to knowledge [of the debtor]."  *Chemetron*,

71 F.3d at 346 (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950))

(alteration in original).

27.     In defining the efforts required to identify "known" creditors, the Third Circuit

stated:

> Precedent demonstrates that what is required is not a vast, open-ended investigation . . . .  The requisite search instead focuses on the debtor's own books and records.  Efforts beyond a careful examination of these documents are generally not required.  Only those claimants who are identifiable through a diligent search are "reasonably ascertainable" and hence "known" creditors.

*Chemetron*, 72 F.3d at 346-47 (citations omitted).  As for the particular efforts a debtor must

exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date

'depends upon the facts and circumstances of a given case.'"  *In re Grand Union Co.*, 204 B.R.

864, 871 (Bankr. D. Del. 1997) (citing *Oppenheim, Appel, Dixon & Co. v. Bullock (In re

Robintech, Inc.)*, 863 F.2d 393, 396 (5th Cir. 1989)).

28.     The Debtors submit that the proposed notice procedures satisfy the *Chemetron*

standard.  The Debtors have identified those persons and entities that are known to the Debtors to

hold claims against the Debtors or are likely to be potential holders of claims, and all such

persons and entities will be served with notice of the Bar Date Order as set forth herein.

29.     The procedures described herein provide creditors with both sufficient notice and

opportunity to file a Proof of Claim Form.  Indeed, the proposed procedures are designed to

achieve the twin goals of providing comprehensive notice and clear instructions to creditors on

the one hand, and allowing the Chapter 11 Cases to move forward promptly and efficiently on

the other hand.  Accordingly, the Debtors submit that approval of the Bar Dates and the proposed

procedures for filing Proof of Claim Forms and the form, manner, and sufficiency of notice of

such procedures is proper and in the best interests of the Debtors, their estates, and all parties-in-

interest.

## NOTICE

30.     The Debtors will provide notice of the Motion to: (a) the U.S. Trustee; (b) the

Internal Revenue Service; (c) the Securities and Exchange Commission; (d) the United States

Attorney for the District of Delaware; (e) the Centers for Medicare & Medicaid Services; (f) the

parties included on the Debtors' consolidated list of their 40 largest unsecured creditors;

(g) counsel for the Omega Entities; (h) counsel for New Ark Capital, LLC; (i) counsel for

Barrow Street Capital LLC and its affiliates; (j) counsel for Eagle Arc Partners LLC (f/k/a BM

Eagle Holdings); and (k) all parties entitled to notice pursuant to Local Rule 2002-1(b).  The

Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

31.     No previous request for the relief sought herein has been made to this or any other

court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Bar Date Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
      October 22, 2021

**MCDERMOTT WILL & EMERY LLP**

*/s/ David R. Hurst*
David R. Hurst (I.D. No. 3743)
1007 North Orange Street, 10th Floor
Wilmington, Delaware 19801
Telephone:    (302) 485-3900
Facsimile:    (302) 351-8711
Email:    dhurst@mwe.com

- and -

Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:    (312) 372-2000
Facsimile:    (312) 984-7700
Email:    dmsimon@mwe.com
           ekeil@mwe.com

*Proposed Counsel for Debtors and*
*Debtors-in-Possession*