**EXHIBIT A**

**<u>Proposed Order</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 21-11336 (KBO) |
| GULF COAST HEALTH CARE, LLC, *et al.*,[1] | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Related to Docket No. ___** |
| | ) |

### ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 501, 502, 503, AND 1111(a), BANKRUPTCY RULES 2002 AND 3003(C)(3), AND LOCAL RULES 1009-2 AND 2002-1(E) (I) ESTABLISHING BAR DATES FOR FILING CLAIMS AGAINST THE DEBTORS AND (II) APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**")

(a) establishing deadlines for filing claims against the Debtors in the Chapter 11 Cases and

(b) approving the form and manner of notice thereof, all as more fully set forth in the Motion;

and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the District of

Delaware, dated February 29, 2012; and the matter being a core proceeding within the meaning

of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order

consistent with Article III of the United States Constitution; and due and sufficient notice of the

Motion having been given under the particular circumstances; and it appearing that no other or

---

[1]   The last four digits of Gulf Coast Health Care, LLC's federal tax identification number are 9281.  There are 62 Debtors in these chapter 11 cases, which cases are being jointly administered for procedural purposes only.  A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/GulfCoastHealthCare.  The location of Gulf Coast Health Care, LLC's corporate headquarters and the Debtors' service address is 40 South Palafox Place, Suite 400, Pensacola, FL 32502.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Motion is granted as set forth herein.

2.      **General Bar Date**.  Pursuant to Bankruptcy Rule 3003(c)(3), all persons and entities, except any governmental unit, that hold or wish to assert a claim arising (or deemed to arise) on or before the Petition Date, including any claim arising under Bankruptcy Code section 503(b)(9), are required to file with the Debtors' claims and noticing agent, Epiq Corporate Restructuring, LLC (the "**Claims Agent**" or "**Epiq**"), **on or before December 10, 2021 at 5:00 p.m. (Eastern Time) (**the **"General Bar Date")**, a completed and executed Proof of Claim Form, in substantially the form attached hereto as **Exhibit B**, on account of any such claim in accordance with the procedures set forth below.

3.      **Governmental Bar Date**.  Pursuant to Bankruptcy Rule 3003(c) and Bankruptcy Code section 502(b)(9), all governmental units that hold or wish to assert a claim arising (or deemed to arise) on or before the Petition Date against the Debtors are required to file with the Claims Agent **on or before April 12, 2022 at 5:00 p.m. (Eastern Time)** (the "**Governmental Bar Date**"), a completed and executed Proof of Claim Form in substantially the form attached hereto as **Exhibit B**, on account of any such claim in accordance with the procedures set forth below.

4.      **Amended Schedules Bar Date**.  In accordance with Local Rule 1009-2, if the Debtors amend their Schedules to change the amount, nature, classification, or characterization of a claim, or to schedule a new claim, the affected claimant shall be permitted to dispute the

amount, nature, classification, or characterization of the scheduled claim by filing with the Claims Agent a completed and executed Proof of Claim Form in substantially the form attached hereto as **Exhibit B** on or before the later of (a) the General Bar Date or (b) twenty-one (21) days from the date notice is served alerting the affected creditor of the amendment to the Schedules. If the Debtors amend the Schedules with respect to the claim of a governmental unit, the affected governmental unit shall be permitted to dispute the amount, nature, classification, or characterization of the scheduled claim by filing with the Claims Agent a completed and executed Proof of Claim Form in substantially the form attached hereto as **Exhibit B** on or before the later of (a) the Governmental Bar Date or (b) twenty-one (21) days from the date notice is served alerting the affected governmental unit of the applicable amendment to the Schedules.

5.       **Rejection Bar Date**.  Pursuant to Bankruptcy Rule 3003(c), each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, and trust) holding or asserting a claim for any rejection damages arising from the rejection of any unexpired lease or executory contract of a Debtor (an "**Agreement**") during the Chapter 11 Cases must file a Proof of Claim Form so that it is *actually received* by the Claims Agent on or before the later of **(a) 30 days after the effective date of rejection of such Agreement as provided by an order of the Court or pursuant to a notice under procedures approved by the Court, (b) any date set by another order of the Court, or (c) the General Bar Date or the Governmental Bar Date, whichever is applicable.**

6.       Persons and entities holding or wishing to assert the following types of claims against the Debtors are not required to a Proof of Claim Form:

(a)    Claims on account of which a Proof of Claim Form already has been properly filed with either Epiq or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware against the Debtors;

(b)    Claims listed in the Debtors' Schedules filed with the Court, or in any supplements or amendments to the Schedules, (i) that are *not* identified as "contingent," "unliquidated," or "disputed"; and (ii) with respect to which the claimant agrees with the amount, nature, classification, and characterization of the claim as set forth in the Schedules;

(c)    Administrative claims arising under Bankruptcy Code sections 503(b)(1) through (8) and 507(a)(2);

(d)    Claims of the Debtors against other Debtors;

(e)    Claims against non-Debtor affiliates;

(f)    Claims by current managers, officers, and employees of the Debtors for indemnification, contribution, or reimbursement;

(g)    Claims previously allowed or paid pursuant to an order of the Court; and

(h)    Claims, including those of the DIP Lender, DIP Agent, and the Omega Landlords, specifically exempted from the General Bar Date or Rejection Bar Date pursuant to this Order or pursuant to a separate order of the Court in full force and effect, including the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 72].

7.    Any holder of an interest in the Debtors (each, an "**Interest Holder**"), which interest is based solely upon the ownership of membership interests, common or preferred stock, warrants, options, or rights to purchase, sell, or subscribe to such a security or interest, of the Debtors (an "**Interest**"), is not required to file a proof of Interest based solely on account of such Interest Holder's ownership interest in the Debtors; *provided*, *however*, that any Interest Holder who wishes to assert a claim against the Debtors, including for damages arising from the purchase, sale, issuance, or distribution of such an Interest, must file a Proof of Claim Form on or before the General Bar Date.

8.      The Debtors shall serve the Bar Date Notice, substantially in the form attached hereto as **Exhibit A**, and a Proof of Claim Form, substantially in the form attached hereto as **Exhibit B**, by first-class mail on or before November 15, 2021 (or otherwise within two (2) business days after the entry of the Bar Date Order, if such order is not entered on November 12, 2021) to (i) all known creditors of the Debtors, as reflected in the Debtors' books and records; (ii) all parties on the service list described in Local Rule 2002-1(c); (iii) the U.S. Trustee; and (iv) all relevant taxing authorities for the jurisdictions in which the Debtors do business.

9.      The Debtors shall publish a notice, substantially in the form attached hereto as **Exhibit C**, one (1) time in the national edition of *The Wall Street Journal*, *The New York Times*, or *USA Today*, no later than ten (10) business days after entry of this Order.

10.     Proofs of Claim will be deemed timely filed only if *actually received* by Epiq, the Debtors' claims and noticing agent, on or before the applicable Bar Date either by: (a) mailing the original Proof of Claim by regular mail to Gulf Coast Health Care, LLC Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4419, Beaverton, OR 97076-4419, (b) delivering such original Proof of Claim by overnight mail, courier service, hand delivery, or in person to Gulf Coast Health Care, LLC Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005; or (iii) completing the electronic Proof of Claim Form (an "**Electronic Proof of Claim**") available at https://dm.epiq11.com/GulfCoastHealthCare.

11.     Proof of Claim Forms shall not be submitted by facsimile, telecopy, e-mail, or other electronic means (except for an Electronic Proof of Claim), and Proof of Claim Forms submitted by such means shall not be deemed timely filed.

12.     All Proof of Claim Forms must be filed with original signatures, be written in English, and be denominated in lawful currency of the United States.  Copies of any documents on which the claim is based or an explanation as to why such documents are not available should be attached to the Proof of Claim Form.

13.     Absent further order of the Court, any person or entity that is required to file a Proof of Claim Form in the form and manner specified in this Order and that fails to do so on or before the applicable Bar Date: (a) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors, their estates, or the property of the estates, or thereafter filing a Proof of Claim Form with respect thereto in the Chapter 11 Cases; (b) shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting upon any plan in these proceedings; and (c) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim.

14.     Notwithstanding anything to the contrary in this Order, the Omega Entities (as defined in the Restructuring Support Agreement) shall have no obligation to file a Proof of Claim with respect to the Omega Rejection Damages Claim, the Omega Prepetition Rent Claim, the Omega DIP Claim, the Omega Administrative Claim, or the Omega Allowed Unsecured Claim (each as defined in the Restructuring Support Agreement).

15.     Notification of the relief granted in this Order as provided herein is fair and reasonable and approved, and will provide good, sufficient, and proper notice to all creditors of their obligations in connection with claims they may have against or in the Debtors.

16.     Nothing in the Motion or this Order, nor the Debtors' implementation of the relief granted in this Order, shall constitute (a) an admission of the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute or object to any claim, whether filed or

scheduled, on any ground; (c) a waiver of the Debtors' right to dispute or assert offsets against or defenses to any claim, whether filed or scheduled, as to amount, nature, classification, characterization, status, or otherwise; (d) a prohibition of the Debtors from taking any other action with respect to a prepetition claim; or (e) a promise by the Debtors to pay any alleged claim.

17.     Nothing contained herein shall limit, abridge, or otherwise affect the Debtors' right to request that the Court fix a date by which the holder of a claim that is specifically excluded from the requirements to file such a claim by this Order must file a proof of claim.

18.     The provisions of this Order apply to all claims (except as otherwise set forth herein) of whatever character against the Debtors or their property, whether they are secured or unsecured, entitled or not entitled to priority, liquidated or unliquidated, or fixed or contingent.

19.     The Debtors are hereby authorized to take such steps as they deem reasonably necessary to fulfill the notice requirements established by this Order.

20.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**EXHIBIT A to BAR DATE ORDER**

**<u>Bar Date Notice</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GULF COAST HEALTH CARE, LLC, *et al.*,[1] | Case No. 21-11336 (KBO) |
| Debtors. | Jointly Administered |

## NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM

**PLEASE TAKE NOTICE THAT:**

On October 14, 2021 (the "**Petition Date**"), Gulf Coast Health Care, LLC and certain of its affiliates and subsidiaries, the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

On November ___, 2021, the Bankruptcy Court entered an order [Docket No. ___] (the "**Bar Date Order**") establishing certain deadlines for filing proofs of claim ("**Proofs of Claim**") against the Debtors (the "**Bar Dates**"), including a General Bar Date, Governmental Bar Date, Amended Schedules Bar Date, and Rejection Bar Date (each as defined in the Bar Date Order).

The Bar Dates and the procedures set forth below for the filing of Proofs of Claim against the Debtors apply to all claims against the Debtors that arose (or are deemed to have arisen) on or prior to the Petition Date, including any claims arising under Bankruptcy Code section 503(b)(9), except for the types of claims listed in Section 2 below.

You may obtain a copy of the Bar Date Order and other case pleadings, including the Schedules (as defined below), at the Debtors' case website (https://dm.epiq11.com/GulfCoastHealthCare) or the Bankruptcy Court's website (www.deb.uscourts.gov) (for a fee). Copies of case pleadings also may be examined between the hours of 8:00 a.m. and 4:00 p.m., Monday through Friday, excluding federal holidays, at the Office of the Clerk of the Bankruptcy Court (the "**Clerk**"), 824 N. Market St., 3rd Floor, Wilmington, Delaware 19801. Finally, copies of case pleadings also may be obtained by written request to Epiq Corporate Restructuring, LLC ("**Epiq**"), the Debtors' court-appointed claims and noticing agent, at GCHCInfo@epiqglobal.com.

---

[1]    The last four digits of Gulf Coast Health Care, LLC's federal tax identification number are 9281. There are 62 Debtors in these chapter 11 cases, which cases are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/GulfCoastHealthCare. The location of Gulf Coast Health Care, LLC's corporate headquarters and the Debtors' service address is 40 South Palafox Place, Suite 400, Pensacola, FL 32502.

1.      **WHO MUST FILE A PROOF OF CLAIM**

You **must** file a Proof of Claim (a "**Proof of Claim Form**") to share in distributions from the Debtors'
bankruptcy estates if you hold a claim[2] against the Debtors (including any claims arising under
Bankruptcy Code section 503(b)(9)) that arose (or is deemed to have arisen) on or before the Petition
Date, and it is not one of the kinds of claims set forth in Section 2.  You must file a Proof of Claim Form
by the applicable Bar Date even if your claim is not now fixed, liquidated, or certain or did not mature or
become fixed, liquidated, or certain before the Petition Date.

Specifically, and without limiting the generality of Bankruptcy Rule 3003(c)(2), you **must** file a Proof of
Claim Form on or before the applicable Bar Date if:

    (a)  your claim is listed in the Debtors' Schedules filed with the Bankruptcy Court, or in any
        supplements or amendments to the Schedules, as "contingent," "unliquidated," or "disputed;"

    (b)  your claim is listed in the Debtors' Schedules filed with the Bankruptcy Court, or in any
        supplements or amendments to the Schedules, and you disagree with the amount, nature,
        classification, or characterization of the claim as set forth in the Schedules; or

    (c)  you assert an administrative priority claim under Bankruptcy Code section 503(b)(9).[3]

2.      **EXCLUDED CLAIMS**

You do **not** need to file a Proof of Claim Form if:

    (a)  you already properly filed a Proof of Claim Form with either Epiq or the Clerk;

    (b)  your claim is listed in the Debtors' Schedules filed with the Bankruptcy Court, or in any
        supplements or amendments to the Schedules, and the claim is **not** identified as "contingent,"
        "unliquidated," or "disputed" and you agree with the amount, nature, classification, and
        characterization of the claim as set forth in the Schedules;

    (c)  you hold an administrative claim arising under Bankruptcy Code sections 503(b)(1) through (8)
        and 507(a)(2); *provided*, *however*, that any person or entity asserting a claim under Bankruptcy
        Code section 503(b)(9) must file a Proof of Claim on or before the General Bar Date;

    (d)  you are a current manager, officer, or employee of the Debtors asserting a claim for
        indemnification, contribution, or reimbursement;

---

[2]    Under Bankruptcy Code section 101(5) and as used herein, the word "claim" means (i) a right to payment,
whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured,
unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) a right to an equitable remedy
for breach of performance if such breach gives rise to a right to payment, whether or not such right to an
equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured,
or unsecured.

[3]    Bankruptcy Code section 503(b)(9) provides that "the value of any goods received by the debtor within 20 days
before the date of commencement of a case under this title in which the goods have been sold to the debtor in
the ordinary course of such debtor's business" is entitled to administrative priority.

    (e)  you hold a claim that has been allowed or paid pursuant to an order of the Bankruptcy Court; or

    (f)  you hold a claim specifically exempted from the General Bar Date pursuant to a separate order of the Court in full force and effect, including the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 72].

**You should not file a Proof of Claim Form if you do not have a claim against the Debtors. The fact that you received this notice does not mean that you have a claim against the Debtors.**

**Additional copies of Proof of Claim Forms can be obtained at the Debtors' case website, https://dm.epiq11.com/GulfCoastHealthCare or by emailing your request to GCHCInfo@epiqglobal.com.**

**3.      NO REQUIREMENT TO FILE PROOF OF OWNERSHIP OF MEMBERSHIP INTERESTS, STOCK, WARRANTS, OPTIONS, OR OTHER INTERESTS IN THE DEBTORS**

You also do **not** need to file a Proof of Claim Form solely to evidence your ownership of membership interests, common or preferred stock, warrants, options, or rights to purchase, sell, or subscribe to such a security or interest, of the Debtors (an "**Interest**"); *provided, however*, that Interest holders wishing to assert claims against the Debtors, including for damages arising from the purchase, sale, issuance, or distribution of such an Interest, must file a Proof of Claim Form on or before the General Bar Date (as defined in Section 4).

**4.      THE BAR DATES**

**The Bar Date Order establishes the following Bar Dates for filing proofs of claim in these cases:**

**General Bar Date**. Except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, or trust) holding or asserting a claim against the Debtors that arose (or is deemed to have arisen) on or prior to the Petition Date (including any claims arising under Bankruptcy Code section 503(b)(9)) must file a Proof of Claim Form, so that it is **actually received** by Epiq **on or before December 10, 2021 at 5:00 p.m. (Eastern Time)** (the "**General Bar Date**").

**Governmental Bar Date**. Each governmental unit holding or asserting a claim against the Debtors that arose (or is deemed to have arisen) on or prior to the Petition Date must file a Proof of Claim Form so that it is **actually received** by Epiq **on or before April 12, 2022 at 5:00 p.m. (Eastern Time)**.

**Amended Schedules Bar Date**. If, on or after the date the Debtors serve this Notice, the Debtors amend their Schedules to change the amount, nature, classification, or characterization of a claim, or to schedule a new claim, the affected claimant may dispute the amount, nature, classification, or characterization of the scheduled claim by filing a Proof of Claim Form with respect to the scheduled claim, so that the Proof of Claim Form is **actually received** by Epiq **on or before the later of (i) the General Bar Date or (ii) twenty-one (21) days from the date notice is served alerting the affected creditor of the applicable amendment to the Schedules.**

**Rejection Bar Date**. Each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, and trust) holding or asserting a claim for any

rejection damages arising from the rejection of any unexpired lease or executory contract of a Debtor (an "**Agreement**") during the Chapter 11 Cases must file a Proof of Claim Form so that it is **actually received** by Epiq **on or before the later of (i) 30 days after the effective date of rejection of such Agreement as provided by an order of the Court or pursuant to a notice under procedures approved by the Court, (ii) any date set by another order of the Court, or (iii) the General Bar Date or the Governmental Bar Date, whichever is applicable.**

5.      **WHAT FORMS AND DOCUMENTS TO FILE**

Any Proof of Claim Form previously and properly filed with either Epiq or the Clerk prior to the mailing of this Notice shall be deemed to be, and shall be treated as, a timely-filed claim subject to the rights of the Debtors or any party-in-interest to object to the allowance thereof.  No additional Proof of Claim Form is required to be asserted with respect to such a previously-filed claim.

**If you have not filed your proof of claim yet**, a Proof of Claim Form should be submitted on the Proof of Claim Form enclosed with this notice.  Additional copies of the Proof of Claim Form and general information related to these cases can be obtained at: https://dm.epiq11.com/GulfCoastHealthCare or by emailing your request to GCHCInfo@epiqglobal.com.

**503(b)(9) Claim**.  If you assert a claim pursuant to Bankruptcy Code section 503(b)(9) you must complete the appropriate box in the Proof of Claim Form and (i) identify the amount of such claim believed to be entitled to administrative expense priority treatment under Bankruptcy Code section 503(b)(9) and (ii) attach documentation supporting such claim.  If you fail to identify the existence and amount of your 503(b)(9) Claim on the Proof of Claim Form, the claim will not be regarded as a 503(b)(9) Claim, and the claim will not be entitled to priority treatment under Bankruptcy Code section 503(b)(9).

All Proof of Claim Forms must be filed with **original signatures**, be written in English, and be denominated in lawful currency of the United States.  You should attach to your completed Proof of Claim Form copies of any documents on which the claim is based or an explanation as to why such documents are not available.

6.      **WHERE TO SEND PROOF OF CLAIM FORM**

Persons or entities filing Proof of Claim Forms must be sent to the following addresses:

> If by regular mail:
>
> Gulf Coast Health Care, LLC
> Claims Processing Center
> c/o Epiq Corporate Restructuring, LLC
> P.O. Box 4419
> Beaverton, OR 97076-4419
>
> If by overnight mail, courier service, or hand delivery:
>
> Gulf Coast Health Care, LLC
> Claims Processing Center
> c/o Epiq Corporate Restructuring, LLC
> 10300 SW Allen Blvd.
> Beaverton, OR 97005

Alternatively, claimants may submit a Proof of Claim electronically by completing the Proof of Claim Form that can be accessed at Epiq's website, https://dm.epiq11.com/GulfCoastHealthCare.

Proof of Claim Forms will be deemed timely and properly filed only if such forms are **actually received** by Epiq on or before the applicable Bar Date.  Do **not** file your Proof of Claim Form with the Clerk.

**Proof of Claim Forms shall <u>NOT</u> be submitted by facsimile, telecopy, e-mail, or other electronic means (except for the Electronic Proof of Claim), and Proof of Claim Forms submitted by such means shall not be deemed timely filed.**

Time-stamped copies of Proof of Claim Forms will not be returned unless you provide the Claims Agent with a copy of your Proof of Claim Form and a self-addressed, postage pre-paid, envelope.

7.      **CONSEQUENCES OF FAILURE TO TIMELY FILE PROOF OF CLAIM FORMS**

**ANY PERSON OR ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM FORM IN THE FORM AND MANNER SPECIFIED IN THE BAR DATE ORDER AND THAT FAILS TO DO SO ON OR BEFORE THE APPLICABLE BAR DATE: (I) SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR ESTATES, OR THE PROPERTY OF THE ESTATES, OR THEREAFTER FILING A PROOF OF CLAIM FORM WITH RESPECT THERETO IN THE CHAPTER 11 CASES; (II) SHALL NOT, WITH RESPECT TO SUCH CLAIM, BE TREATED AS A CREDITOR OF THE DEBTORS FOR THE PURPOSE OF VOTING UPON ANY PLAN IN THESE PROCEEDINGS; AND (III) SHALL NOT RECEIVE OR BE ENTITLED TO RECEIVE ANY PAYMENT OR DISTRIBUTION OF PROPERTY FROM THE DEBTORS OR THEIR SUCCESSORS OR ASSIGNS WITH RESPECT TO SUCH CLAIM.**

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE AND ANY RELATED MATTERS, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM FORM.**

This notice is only a summary of the Bar Date Order.  All creditors and other parties-in-interest are referred to the text of the Bar Date Order itself and to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules for additional information regarding the filing and treatment of proofs of claim.

**If you have any questions relating to this Notice, contact Epiq at (855) 675-2840 (toll free in the U.S.) or (503) 924-5427 (International callers), or GCHCInfo@epiqglobal.com.**

**NEITHER THE ATTORNEYS FOR THE DEBTORS NOR EPIQ ARE AUTHORIZED TO PROVIDE YOU WITH LEGAL ADVICE.**

Dated:  November ___, 2021

**McDermott Will & Emery LLP**
David R. Hurst (I.D. No. 3743)
1007 North Orange Street, 10th Floor
Wilmington, Delaware 19801
Telephone:       (302) 485-3900
Facsimile:        (302) 351-8711
Email:             dhurst@mwe.com

- and -

Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:       (312) 372-2000
Facsimile:        (312) 984-7700
Email:             dmsimon@mwe.com
                    ekeil@mwe.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*

6

**EXHIBIT B to BAR DATE ORDER**

**<u>Proof of Claim Form</u>**

United States Bankruptcy Court for the District of Delaware

**Gulf Coast Health Care, LLC**
**c/o Epiq Corporate Restructuring, LLC**
**P.O. Box 4419**
**Beaverton, OR 97076-4419**

Fill in this information to identify the case and submit your claim online, please visit to
https://dm.epiq11.com/GulfCoastHealthCare

Name of Debtor:

Case Number:

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

**For Court Use Only**

# Proof of Claim (Official Form 410)

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.** With the exception of claims under 11 U.S.C. § 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

---

| **Part 1:** | **Identify the Claim** |
|---|---|

**1.    Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim): _____

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?**    ☐ No   ☐ Yes.   From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

_____
Name

_____
Number     Street

_____
City                    State        ZIP Code

Country (if International): _____

Contact phone: _____

Contact email: _____

**Where should payments to the creditor be sent?**
(if different)

_____
Name

_____
Number     Street

_____
City                    State        ZIP Code

Country (if International): _____

Contact phone: _____

Contact email: _____

**4.  Does this claim amend one already filed?**

☐ No

☐ Yes.   Claim number on court claims register (if known) _____

Filed on _____
            MM / DD / YYYY

**5.  Do you know if anyone else has filed a proof of claim for this claim?**

☐ No

☐ Yes.  Who made the earlier filing?

_____

---

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

_____   _____   _____   _____

**7. How much is the claim?**

$_____.

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

_____

**Basis for perfection:** _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                    $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any**
**default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%

                              ☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(___) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

| | |
|---|---|
| **Part 3:** | **Sign Below** |

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                  MM / DD / YYYY          Signature  _____

**Print the name of the person who is completing and signing this claim:**

Name  _____
         First name              Middle name              Last name

Title  _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
         Number        Street

         _____
         City                          State          ZIP Code

Contact Phone  _____    Email  _____

United States Bankruptcy Court

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157 and 3571

### How to fill out this form

- Fill in all of the information about the claim as of the date the case was filed.

- **If you assert a claim against more than one Debtor you must file a separate claim for each such Debtor.** The full list of debtors is provided under the overview section on the Claims Agent's website: https://dm.epiq11.com/GulfCoastHealthCare.

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of redaction below.) Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. If such documentation is voluminous, you may include a summary of such documentation; provided, that, upon the request for additional documentation, you shall be required to transmit such written documentation no later than five (5) business days following the date of such request. If such documentation is unavailable, provide an explanation as to why such documentation is unavailable. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information.** Leave out or redact confidential information both in the claim and in the attached documents.

- A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.  See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.**  For example, write *A.B., a minor child (John Doe, parent, 123 Main St, City, State)*.  See Bankruptcy Rule 9037.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the Claims Agent's website (https://dm.epiq11.com/GulfCoastHealthCare) to view your filed form under "Claims."

### Where to Send Proof of Claim Form

**First-Class Mail:**

**Gulf Coast Health Care, LLC**
**Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**P.O. Box 4419**
**Beaverton, OR 97076-4419**

**Hand Delivery or Overnight Mail:**

**Gulf Coast Health Care, LLC**
**Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**10300 SW Allen Blvd.**
**Beaverton, OR 97005**

**Electronic Filing:**

**By accessing the E-filing Claims link at**
**https://dm.epiq11.com/GulfCoastHealthCare**

### Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate.  11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy.  11 U.S.C. § 101 (5).  A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy.  11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 11 U.S.C. § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim.  A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

### Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

Do not file these instructions with your form.

**EXHIBIT C to BAR DATE ORDER**

**<u>Publication Notice</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GULF COAST HEALTH CARE, LLC, *et al.*,[1] | ) Case No. 21-11336 (KBO) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) |

**<u>NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM</u>**

**PLEASE TAKE NOTICE THAT:**

On October 14, 2021 (the "**Petition Date**"), Gulf Coast Health Care, LLC and certain of its affiliates and subsidiaries, the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

On November ___, 2021, the Bankruptcy Court entered an order [Docket No. ___] (the "**Bar Date Order**") establishing the following deadlines (the "**Bar Dates**") for filing Proof of Claim Forms (as defined in the Bar Date Order) with Epiq Corporate Restructuring, LLC ("**Epiq**"), the Debtors' court-appointed claims and noticing agent.

**General Bar Date**. Each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, and trust) holding or asserting a claim against the Debtors that arose (or is deemed to have arisen) on or prior to the Petition Date (including any claims arising under Bankruptcy Code section 503(b)(9)) must file a Proof of Claim Form so that it is **<u>actually received</u>** by Epiq **on or before December 10, 2021 at 5:00 p.m. (Eastern Time)**.

**Governmental Bar Date**. Each governmental unit holding or asserting a claim against the Debtors that arose (or is deemed to have arisen) on or prior to the Petition Date must file a Proof of Claim Form so that it is **<u>actually received</u>** by Epiq **on or before April 12, 2022 at 5:00 p.m. (Eastern Time)**.

**Rejection Bar Date**. Each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, and trust) holding or asserting a claim for any rejection damages arising from the rejection of any unexpired lease or executory contract of a Debtor (an "**Agreement**") during the Chapter 11 Cases must file a Proof of Claim Form so that it is **<u>actually received</u>** by Epiq **on or before the later of (a) 30 days after the effective date of rejection of such Agreement as provided by an order of the Court or pursuant to a notice under procedures**

---

[1] The last four digits of Gulf Coast Health Care, LLC's federal tax identification number are 9281.  There are 62 Debtors in these chapter 11 cases, which cases are being jointly administered for procedural purposes only.  A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at <u>https://dm.epiq11.com/GulfCoastHealthCare</u>.  The location of Gulf Coast Health Care, LLC's corporate headquarters and the Debtors' service address is 40 South Palafox Place, Suite 400, Pensacola, FL 32502.

**approved by the Court, (b) any date set by another order of the Court, or (c) the General Bar Date or the Governmental Bar Date, whichever is applicable**.

Copies of the Bar Date Order and the Proof of Claim Form may be viewed and downloaded free of charge at Epiq's website (https://dm.epiq11.com/GulfCoastHealthCare) and also may be obtained by written request to Epiq at GCHCInfo@epiqglobal.com.

All Proof of Claim Forms must be filed with original signatures, be written in English, and be denominated in lawful currency of the United States.  You should attach to your completed Proof of Claim Form copies of any documents on which the claim is based or an explanation as to why such documents are not available.

Proof of Claim Forms must be delivered to Epiq, so that such forms are **<u>actually received</u>** by Epiq by the applicable Bar Date, at the following addresses:  (i) if by regular mail, Gulf Coast Health Care, LLC Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4419, Beaverton, OR 97076-4419; or (ii) if by overnight mail, courier service, or hand delivery, Gulf Coast Health Care, LLC Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005.  Alternatively, claimants may submit a Proof of Claim electronically by completing the Proof of Claim Form that can be accessed at Epiq's website, https://dm.epiq11.com/GulfCoastHealthCare.  Proof of Claim Forms shall **<u>not</u>** be submitted by facsimile, telecopy, e-mail, or other electronic means (except for the Electronic Proof of Claim), and Proof of Claim Forms submitted by such means shall **<u>not</u>** be deemed timely filed.

**Any person or entity that is required to file a Proof of Claim Form in the form and manner specified in the Bar Date Order and that fails to do so on or before the applicable Bar Date: (i) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors, their estates, or the property of the estates, or thereafter filing a Proof of Claim Form with respect thereto in the Chapter 11 Cases; (ii) shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting upon any plan in these proceedings; and (iii) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim.**

**Questions concerning this Notice should be directed to Epiq at (855) 675-2840 (toll free in the U.S.) or (503) 924-5427 (International callers), or GCHCInfo@epiqglobal.com.  Please note that Epiq's staff is not permitted to give legal advice.**

Dated:  November ___, 2021

**McDermott Will & Emery LLP**
David R. Hurst (I.D. No. 3743)
1007 North Orange Street, 10th Floor
Wilmington, Delaware 19801
Telephone:       (302) 485-3900
Facsimile:        (302) 351-8711
Email:              dhurst@mwe.com

- and -

Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:       (312) 372-2000
Facsimile:        (312) 984-7700
Email:              dmsimon@mwe.com
                        ekeil@mwe.com

*Proposed Counsel for the Debtors and
Debtors-in-Possession*