IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GULF COAST HEALTH CARE, *et. al.*,[1] | Case No. 21-11336 (KBO) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 934 |

### LIMITED OBJECTION TO CONFIRMATION OF DEBTORS' FIRST AMENDED JOINT PLAN OF LIQUIDATION

Suzanne Rosado, as anticipated Personal Representative of the Estate of Kathleen Valdez, and Cleveland Dixon, as Personal Representative of the Estate of Lois Dixon, (collectively, the "**Movants**"), by and through their undersigned counsel, file this Limited Objection to Confirmation of Debtors' First Amended Joint Plan of Liquidation (the "**Objection**"), on the following grounds:

1. The Debtors filed the instant cases on October 14, 2021 (the "**Petition Date**").

2. The Movants are plaintiffs in two separate civil lawsuits pending in various circuit courts in the state of Florida (collectively, the "**State Courts**") with each involving Debtors and non-debtor defendants (collectively, the "**Defendants**").

3. Suzanne Rosado, as anticipated Personal Representative of the Estate of Kathleen Valdez, filed a civil suit against Debtors SF Royal Manor, LLC, Gulf Coast Health Care of Delaware, LLC and GCH Management Services, LLC seeking damages related to claims of

---

[1] The last four digits of Gulf Coast Health Care, LLC's federal tax identification number are 9281. There are 62 Debtors in these chapter 11 cases, which cases are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/GulfCoastHealthCare. The location of Gulf Coast Health Care, LLC's corporate headquarters and the Debtors' service address is 9511 Holsberry Lane, Suite B11, Pensacola, FL 32534.

1

Violations of Resident's Rights, Negligence, and Wrongful Death in the Circuit Court of the Fifteenth Judicial Circuit Palm Beach County, Florida, Case No. 50-2019CA011003 (the "**Valdez Case**").

4. Cleveland Dixon, as Personal Representative of the Estate of Lois Dixon, filed a civil suit against Debtor NF Pensacola Manor, LLC d/b/a Arcadia Health & Rehabilitation Center, and non-debtor Dr. Robert Bondurant, M.D. seeking damages related to claims of Violations of Resident's Rights, Negligence, and Wrongful Death in the Circuit Court of the First Judicial Circuit Escambia County, Florida, Case No. 2017-CA-000151 (the "**Dixon Case**," and collectively with the Valdez Case, the "**State Court Actions**").

5. The State Court Actions each involve distinct facts but consist of identical claims and a consistent theme. Based on direct and vicarious liability, the Movants filed the State Court Actions against the Defendants asserting claims for violation of resident's rights, negligence, and wrongful death based on the Defendants' actions, or rather lack thereof, related to the Defendants' operation of certain nursing facilities (collectively, the "**Claims**"). The gravamen of each of the State Court Actions is the carelessness by the Defendants and their agents in the custody of the Movants' relatives at nursing facilities owned, operated, or managed by the Defendants and their agents; specifically, carelessness and neglect which ultimately led to the relatives' deaths.

6. The amounts for which the defendants may be liable in the Valdez Case and the Dixon Case are currently unliquidated, and no specific amount was identified as being owed in the respective complaints.

7. On March 7, 2022, the Debtors filed their First Amended Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code [Doc. 934] (the "**Plan**").

8. The Plan appears to classify the Movants' Claims as Litigation Claims (as defined in the Plan), and the Movants as Holders of Class 7.B Litigation Claims, as defined in the Plan.[2]

9. Via the Plan, the Debtors propose to effectuate a release of the Litigation Claims between and among the Debtors, the Third-Party Released Parties, and the Third-Party Releasing Parties (the "**Release**").

10. Without the Movants' consent, the Release appears to obligate the Movants to waive their Claims against the Debtors, the Third Party-Released Parties, which appears to include the non-debtor Defendants, and their insurers in the State Court Actions, which would be a violation of the Movants' due process rights and purported waivers of legal rights without their consent, which they have not given and have been provided with no opportunity to give.

11. The Plan does not provide an opportunity for the Movants to opt out of the Release, which appears to be a violation of the Movants' rights to due process especially as it pertains to the claims by non-debtors against non-debtors.

12. Also, Section X.F. of the Plan proposes to enjoin the Movants from maintaining the State Court Actions against the Defendants, including the non-debtors (the "**Injunction**"). While such an injunction might be appropriate with respect to the Debtors, it is not appropriate with respect to non-debtors.

13. Further the Plan would subject the Movants to certain "Litigation Claim Procedures," as set forth in the Plan Supplement [Doc. 1085], which would determine whether the Movants are entitled to allowed claims. While the Litigation Claim Procedures provide that the Injunction may be lifted to allow the Movants to liquidate their Claims, that option is only available

---

[2] The Plan Supplement [Doc. 1085] includes a list of Holders of Class 7.B Litigation Claims at Exhibit J, but the Movants are not listed.

3

after overcoming all other hurdles thrown up by the Debtors through the Litigation Claim Procedures and after significant time has passed (in addition to the delays caused already by this bankruptcy case itself).

14. Additionally, the Litigation Claim Procedures do not allow the Movants to conduct discovery or pursue their claims against the non-debtor Defendants, which is necessary for the Movants to prove their claims, and frankly even to determine the appropriate settlement value. This maneuver appears to be a blatant attempt to short-circuit the litigation process so that not only the Debtors—but also non-debtor third parties—can gain a strategic advantage and strong-arm the Movants and similarly-situated creditors into unfavorable settlements, while they maintain and informational advantage and are able to sweep their wrongdoing under the rug.[3]

15. The Movants should not be forced to wait even longer to resolve their claims and should not be forced to jump through numerous arbitrary hoops in order to liquidate their claims against the Debtors and pursue their claims against non-debtor third parties and any applicable insurance coverage. Instead, they should be provided an opportunity to liquidate their Claims against the Debtor Defendants, conduct discovery, and pursue their Claims against the non-debtor Defendants in the State Court Actions immediately upon confirmation of the Plan.

16. Additionally, the Movants seek to preserve their rights to pursue any relevant insurance carriers, and nothing in the Plan should in any way impede the Movants' ability to pursue their Claims to the extent that insurance coverage is available.

17. Therefore, the Movants object to the Plan to the extent it proposes to prevent or enjoin the Movants from liquidating their Claims, conducting discovery, or pursuing the Claims against any of the aforementioned non-debtor Defendants or their insurers.

---

[3] The Litigation Claim Procedures do not make reference to the Release and, therefore, it is assumed that the Release is binding regardless of the Movants adherence to the Litigation Claim Procedures.

18. The Movants request that the Plan be modified, to the extent necessary, to allow the Movants to liquidate and pursue their Claims against the Defendants in the State Court Actions immediately upon confirmation of the Plan, and to remove any due-process-violating releases that the Movants hereby object to, do not agree to, and have been given no opportunity to opt out of.

WHEREFORE, the Movants pray that their Objection be sustained, the Plan be modified to the extent requested above, and for such other and further relief as deemed just and proper.

Dated: April 8, 2022
Wilmington, Delaware

Respectfully submitted,

**ROBINSON & COLE LLP**

*/s/ Jamie L. Edmonson*
Jamie L. Edmonson (No. 4247)
1201 N. Market Street, Suite 1406
Wilmington, Delaware 19801
Telephone: (302) 516-1700
Facsimile: (302) 516-1699
Email: jedmonson@rc.com

– And –

Benjamin R. Keck (*admitted pro hac vice*)
Taner N. Thurman, (*admitted pro hac* vice)
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
Telephone: (404) 584-1244
Email: bkeck@rlklawfirm.com
        tthurman@rlklawfirm.com

*Attorneys for the Movants*