IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> GULF COAST HEALTH CARE, LLC, *et al.*[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 21-11336 (KBO) <br><br> (Jointly Administered) <br><br> **Hearing Date: April 19, 2022 at 10:00 a.m. (ET)** <br> **Obj. Deadline: April 17, 2022 at 5:00 p.m. (ET)** <br><br> **Re: Docket No. 1130** |

## OBJECTION OF THE FLORIDA PLAINTIFFS TO THE DECLARATION OF SCOTT D. VOGEL

The Florida Plaintiffs,[2] by and through their undersigned counsel, hereby object (this "Objection") to the submission of certain portions of the *Declaration of Scott D. Vogel, Independent Manager of Gulf Coast Health Care, LLC, Pensacola Administrative Holdings, LLC, and Gulf Coast Master Tenant Holdings, LLC, in Support of Confirmation of the Debtors' Modified First Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 1131] (the "Vogel Declaration")[3] into evidence in lieu of direct testimony for use at the confirmation hearing scheduled to begin April 19, 2022 at 10:00 a.m. (ET). In support of this Objection, the Florida Plaintiffs respectfully state as follows:

---

[1] The last four digits of Gulf Coast Health Care, LLC's federal tax identification number are 9281. There are 62 Debtors in these chapter 11 cases, which cases are being jointly administered for procedural purposed only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/GulfCoastHealthCare. The location of Gulf Health Care, LLC's corporate headquarters and the Debtors' service address is 40 South Palafox Place, Suite 400, Pensacola, FL 32502.

[2] The list of people comprising the Florida Plaintiffs is attached hereto as **Exhibit A**. While counsel to the Florida Plaintiffs also represents the estates of Norvell Brown, Flora Mae Brown, Louis Kraus, Jon-Faye Tinsley, John Allen Perry, Johnnie Lee Wright, and Robert G. Wilsher, those plaintiffs are not parties to this Objection.

[3] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Vogel Declaration.

1.      In the Vogel Declaration, Mr. Vogel repeatedly references matters to which he has no personal knowledge or are hearsay.[4] Federal Rule of Evidence 602 states that a witness "may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Mr. Vogel is the independent manager of the Debtors and is testifying as a lay witness. He is not affiliated with New Ark, the Service Providers, the Omega Entities, or the Contribution Parties. As such, he has no personal knowledge of these entities' decision-making throughout these cases.[5]

2.      Mr. Vogel also repeatedly points to mediation discussion as a basis to support the reasonableness of the settlements in the Plan.[6] M. Benjamin Jones was the Debtors' designee on these topics and was deposed on April 5, 2022. In response to questioning on the same topics to which Mr. Vogel now seeks to testify, Mr. Jones was repeatedly instructed not to answer, and did not answer, on the assertion of mediation privilege. *See, e.g.*, Jones Dep. 36:23-37:4 ("Mr. Simon: And I will restate the exact same thing I said, which is to the extent that question is seeking communications that were in connection with the mediation I would instruct [Mr. Jones] not to answer."). Having relied on such privilege to preclude disclosure throughout discovery and during Mr. Jones' deposition, the Debtors are now bound by Rule 9019-5(d)(1)(i) of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), which in addition to barring testimony subject to Federal Rule of Evidence 408,

---

[4] *See, e.g.*, Vogel Declaration, ¶ 7 (referring to discussions with Committee); ¶ 22 (speculating as to action and motives of other Mediation Parties); ¶ 23 (speculating as to future events).

[5] To the extent that Mr. Vogel would claim he heard their statements about that decision-making, those out of court statements would be inadmissible hearsay.

[6] *See, e.g.,* Vogel Dec., ¶ 14 ("The Debtors' extensive Investigation was memorialized in a lengthy privileged report."); ¶ 16 ("Although McDermott's analyses and communications with me remain privileged, my ultimate determination as to whether to pursue or release certain potential Claims or Causes of Action took into account a number of factors, the most critical of which are briefly highlighted below.").

also provides that "**no person may rely on or introduce as evidence** in connection with any arbitral, judicial or other proceeding, including any hearing held by this Court in connection with the referred matter, whether oral or written, (i) **views expressed or suggestions made by a party with respect to a possible settlement of the dispute** . . ." [7] Thus, the Debtors and all other plan proponents and plan supporters are barred from introducing statements or positions taken by parties in the conduct of the mediation.

3. Moreover, it is fundamentally unfair and prejudicial to permit Mr. Vogel to now testify to discussions and investigations that the Debtors previously refused to provide in discovery and refused to comment on during deposition. The Debtors cannot use the self-selected mediation discussions as a sword to support the Debtors' business judgment in entering into settlements in the Plan while simultaneously invoking mediation privilege as a shield to deprive objectors of admittedly relevant pre-hearing discovery on whether that exercise of judgment was in fact valid and reasonable. Debtor made a strategic decision to hide behind mediation privilege as to those issues and the consequences of that decision is that the testimony must be barred.

4. Accordingly, the testimony of Mr. Vogel offered at the following paragraphs of the Vogel Declaration must be barred on these grounds: paragraphs 5, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 23, and 24.

5. The Florida Plaintiffs reserve the right to amend, supplement, or otherwise raise additional or other objections based on the Vogel Declaration or Mr. Vogel's live testimony, as may be necessary or appropriate.

*[Signature Page Follows]*

---

[7] To be clear, the Florida Plaintiffs do not agree with the Debtors' assertion that mediation privilege bars discovery of these matters. However, the Debtors' position on mediation privilege here binds them to this Local Rule.

Dated: April 17, 2022　　　　　　　　　Respectfully submitted,
　　　　Wilmington, Delaware

　　　　　　　　　　　　　　　　　　　*/s/ R. Stephen McNeill*
　　　　　　　　　　　　　　　　　　　Christopher M. Samis (No. 4909)
　　　　　　　　　　　　　　　　　　　R. Stephen McNeill (No. 5210)
　　　　　　　　　　　　　　　　　　　Andrew L. Brown (No. 6766)
　　　　　　　　　　　　　　　　　　　**POTTER ANDERSON & CORROON LLP**
　　　　　　　　　　　　　　　　　　　1313 N. Market Street, 6th Floor
　　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　　　Telephone: (302) 984-6000
　　　　　　　　　　　　　　　　　　　Facsimile:  (302) 658-1192
　　　　　　　　　　　　　　　　　　　Email: csamis@potteranderson.com
　　　　　　　　　　　　　　　　　　　　　　　rmcneill@potteranderson.com
　　　　　　　　　　　　　　　　　　　　　　　abrown@potteranderson.com

　　　　　　　　　　　　　　　　　　　– and –

　　　　　　　　　　　　　　　　　　　James L. Wilkes, II, Esq.
　　　　　　　　　　　　　　　　　　　**WILKES & ASSOCIATES, P.A.**
　　　　　　　　　　　　　　　　　　　1 N. Dale Mabry Hwy, Suite 700
　　　　　　　　　　　　　　　　　　　Tampa, Florida 33609
　　　　　　　　　　　　　　　　　　　Telephone: (800) 255-5070
　　　　　　　　　　　　　　　　　　　Facsimile:  (813) 286-8820
　　　　　　　　　　　　　　　　　　　Email: jimw@yourcasematters.com

　　　　　　　　　　　　　　　　　　　– and –

　　　　　　　　　　　　　　　　　　　Blair N. Mendes, Esq.
　　　　　　　　　　　　　　　　　　　**MENDES, REINS & WILANDER, PLLC**
　　　　　　　　　　　　　　　　　　　4401 West Kennedy Blvd., Suite 250
　　　　　　　　　　　　　　　　　　　Tampa, Florida 33609
　　　　　　　　　　　　　　　　　　　Telephone: (813) 535-5053
　　　　　　　　　　　　　　　　　　　Facsimile:  (813) 694-7368
　　　　　　　　　　　　　　　　　　　Email: blair@mrwlawgroup.com

　　　　　　　　　　　　　　　　　　　*Counsel to the Florida Plaintiffs*