**EXHIBIT 2**

Objection of HCN to the Motion

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | CHAPTER 11 |
|  | ) |  |
| NEW LOUISIANA HOLDINGS, LLC, | ) | Case No. 14-50756 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**HEALTH CARE NAVIGATOR, LLC'S OBJECTION TO MEDLINE**
**INDUSTRIES, LP'S MOTION TO REOPEN BANKRUPTCY CASE**

Health Care Navigator, LLC ("HCN"), by and through its undersigned counsel, submits this objection (the "Objection"), to the Motion to Reopen (the "Motion") filed by Medline Industries, LP ("Medline").  In support of this Objection, HCN respectfully states as follows:

**SUMMARY OF OJBECTION**

1.       Pursuant to its Motion, Medline seeks to reopen the above-captioned bankruptcy case (the "Bankruptcy Case") that was originally filed *almost 8 years ago* and resulted in a confirmed plan of liquidation and dismissal of a related adversary proceeding *almost 6 years ago*, and has been fully administered and closed since September 28, 2021.  As stated by Medline, if the case is reopened, its "ultimate goal is to move this Court to reconsider its order permitting the sealing of both the complaint filed in [a related adversary proceeding] and the Court's order dismissing [that adversary proceeding]"[1] both of which occurred *in 2016*.  In support of its Motion, Medline submits a declaration from Shane Reed (the "Reed Declaration"), an employee of Medline and the former Chairman of the Official Committee of Unsecured Creditors (the "Committee").

---

[1] *See* Memorandum of Law in Support of Medline Industries, LP's Motion to Reopen (the "Memorandum"), Docket No 1595-2, at p.1.

2.      Yet, as discussed in more detail below, the very orders that Medline intends to move this Court to "reconsider" if the Court reopens the bankruptcy case, are orders that: (i) were entered at the request of the Committee (for which Medline was a member and Mr. Reed was the Chairman); (ii) Medline had notice of and did not object; and (iii) Medline did not appeal.  Those orders are <u>final</u> orders of the Court, and the time for seeking relief from them (whether by way of reconsideration or otherwise) has long since expired.

3.      Accordingly, the Motion should be denied for multiple reasons.  First, none of the reasons for reopening a closed bankruptcy case under Section 305(b) of the Bankruptcy Code are present here.  More specifically, Medline does not seek to reopen the case to administer assets or to accord relief to the Debtor, nor has Medline established "other cause" for reopening the Debtor's bankruptcy case.  Additionally, reopening this bankruptcy case to permit Medline to commence additional proceedings would be futile since Medline has not shown, and cannot show, that it is entitled to "reconsideration" of, or relief from, orders that the Court entered in 2016 at the Committee's request.  Medline's request for relief is also barred by the doctrine of judicial estoppel.

**BACKGROUND**

4.      On June 25, 2014, New Louisiana Holdings, LLC ("<u>NLH</u>") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court, thereby commencing the Bankruptcy Case.  At various points in time thereafter, certain affiliates of NLH filed their own voluntary petitions for relief under chapter 11 of the Bankruptcy Code (together with NLH, the "<u>Debtors</u>").  By orders of the Court, the Debtors' bankruptcy cases were joined administered under NLH's bankruptcy case number.

5.      On July 10, 2014, Medline filed a notice of appearance and a request for service of papers. *See* Docket No. 23.

WEST\298539273.3

6.      On October 3, 2014, the United States Trustee appointed the Committee.  *See* Docket No. 232.

7.      Medline was one of three creditors initially appointed to the Committee, and Shane M. Reed (Medline's Director—Credit, A/R and Escalations Finance)[2] was named Chairman of the Committee. *Id.*[3]

8.      Shortly thereafter, the Committee retained Pepper Hamilton LLP as its legal counsel, and CBIZ MHM, LLC as its financial advisor.  The Committee's professionals then spent approximately **three thousand hours** investigating the Debtors, their affiliates and their insiders. *See Declaration of Brian Ryniker in Support of the First Amended Joint Plan of Liquidation for New Louisiana Holdings, LLC, et al., Proposed by the Debtors and the Official Committee of Unsecured Creditors*, at Docket No. 1277 (the "Ryniker Declaration").

9.      Following that lengthy investigation and settlement discussions among the parties, the Committee and the Debtors subsequently agreed on the terms of a consensual plan to be proposed jointly by the Committee and the Debtors that would resolve, among other things, any and all claims belonging to the Debtors and their estates against certain insiders and affiliates of the Debtors (the "Insider Claims").

10.     On June 3, 2016, the Committee and the Debtors filed their *Stipulation by and Between Debtors and the Official Committee of Unsecured Creditors of New Louisiana Holdings, LLC et al., for Entry of an Order Granting the Committee Leave, Standing and Authority to Commence, Prosecute and Settle Claims on Behalf of the Debtor's Estate* [Docket No. 1193] (the "Stipulation").  Pursuant to the Stipulation, the Committee and the Debtors agreed as follows:

---

[2] *See* Reed Declaration, at ¶ 1.

[3] On September 24, 2015, the UST filed its *Supplemental Notice of Appointment of Creditors Committee*, naming additional members of the Committee.  Medline continued to serve as a member, and Mr. Reed continued in his role as Chairman of the Committee.  *See* Docket No. 877.

WEST\298539273.3

- the Committee shall have standing and be authorized to commence, prosecute and settle an adversary proceeding relating to the Insider Claims;

- the Committee shall seek authorization from the Court to file the complaint under seal, to be unsealed *only* in the event that the Debtors fail to obtain confirmation of the consensual plan; and

- upon confirmation of the consensual plan, the Committee shall voluntarily dismiss the adversary proceeding.

11.     On June 6, 2016, the Court entered an order approving the Stipulation. *See* Docket No. 1197.

12.     On June 17, 2016 the parties filed the *Joint Plan of Liquidation for New Louisiana Holdings, LLC, et al., Proposed by the Debtors and the Official Committee of Unsecured Creditors* (the "Original Consensual Plan"). *See* Docket No. 1202.

13.     On June 24, 2016, the Committee filed a sealed complaint commencing Adversary Proceeding No. 16-05013 (the "Adversary Proceeding").

14.     On July 18, 2016, the parties filed the *First Amended Plan of Liquidation for New Louisiana Holdings, LLC, et al., Proposed by the Debtors and the Official Committee of Unsecured Creditors* (the "Amended Consensual Plan"). *See* Docket No. 1231.

15.     On August 24, 2016, the Court conducted a hearing to consider confirmation of the Amended Consensual Plan.

16.     On August 29, 2016, the parties filed the *First Amended Plan of Liquidation for New Louisiana Holdings, LLC, et al., Proposed by the Debtors and the Official Committee of Unsecured Creditors, as Modified* (the "Plan"). *See* Docket No. 1290. Section 6.01 of the Plan provides in relevant part:

> "Within two (2) Business Days of the Effective Date, Adversary Proceeding No. 16-05013 shall be dismissed with prejudice and the complaint filed therein withdrawn from the docket." (Emphasis added).

4

17.     On August 31, 2016, the Court entered its *Findings of Fact, Conclusions of Law and Order Confirming First Amended Plan of Liquidation for New Louisiana Holdings, LLC, et al., Proposed by the Debtors and the Official Committee of Unsecured Creditors* (the "Confirmation Order"), thereby confirming the Plan.

18.     The Plan went effective on September 29, 2016. *See* Docket No. 1363.

19.     On October 24, 2016, the Adversary Proceeding was dismissed, and the Court directed the clerk "to take all necessary steps to seal this proceeding from all views." *See* Adversary Proceeding Docket No. 2 (the "Dismissal Order").

## OBJECTION AND AUTHORITIES

12.     Bankruptcy Rule 5010 provides, in relevant part, that "[a] case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code."

13.     Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. § 350(b).

14.     Section 350(b) is permissive, not mandatory,[4] and gives a bankruptcy court "discretion to reopen a closed estate or proceeding when casus for such reopening has been shown."  *In re Case*, 937 F.2d 1014, 1018 (5th Cir. 1991).  "This discretion depends upon the circumstances of the individual case and accords with the equitable nature of all bankruptcy court proceedings."  *Id*.

15.     Here, Medline seeks an order (i) reopening the Bankruptcy Case "for the limited purpose of allowing for ***further proceedings*** to unseal documents filed in this case and in [the Adversary Proceeding]," and (ii) providing Medline with copies of the motion permitting the filing

---

[4] Section 350(b) provides that a case "may" be reopened, not "shall" be reopened.

5

of the complaint under seal and the Court's order granting same (the "Sealing Order").  *See* Motion, at p.1 (emphasis added).

16.     However, Medline's "ultimate goal" is "to move this Court to ***reconsider*** its orders permitting the sealing of both the complaint filed in the Adversary Proceeding [ ] and the Court's order dismissing the Adversary Proceeding [ ]."  *See* Memorandum, at p.1 (emphasis added).

17.     In other words, Medline seeks to reopen the Bankruptcy Case for the sole purpose of seeking reconsideration of, or relief from, the Court's prior orders directing that certain documents be filed under seal, each of which was entered ***more than five (5) years ago***, and each of which was entered at the request of the Committee (and Medline) and upon notice to Medline (as well as other parties in interest).  Despite having had notice of these orders in 2016 (and playing a material part in having them sealed through Medline's membership on the Committee and Mr. Reed's role as Committee Chairman), Medline waited until March 2022 to seek relief from the Court.

18.     A party seeking to reopen a bankruptcy case that has been closed bears the burden of proof to show that the requisite "cause" exists.  *See, e.g., In re Covelli*, 550 B.R. 256 (Bankr. S.D.N.Y. 2016).

19.     Here, Medline has not met its burden of showing that cause exists to reopen the Bankruptcy Case.

20.     As an initial matter, Medline was a member of the Committee and Mr. Reed served as the Committee's Chairman.  The Committee: (i) agreed to file the Complaint under seal; (ii) sought and obtained an order from the Court permitting the Complaint to be filed under seal; (iii) filed the Complaint under seal; and (iv) was a co-proponent of the Plan, which was confirmed by this Court, and which required that the Complaint be withdrawn from the Court's docket.  As the

6

party that sought and obtained the relief that it now complains of,[5] Medline should be judicially

estopped from arguing that the Bankruptcy Case should be reopened so the Complaint and related

pleadings can be unsealed.

21.     The doctrine of judicial estoppel is equitable in nature and can be invoked by a

court to prevent a party, like Medline, from asserting a position in a legal proceeding that is

inconsistent with a position taken in a previous proceeding.  *See, e.g., Love v. Tyson Foods, Inc.*,

677 F.3d 258, 261 (5th Cir. 2012); *Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011)

(en banc).  "The aim of the doctrine is to 'protect the integrity of the judicial process.'" *Love*, 677

F.3d at 261.  In determining whether to apply judicial estoppel, a court looks for the presence of

the following elements:

> (a)     the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position;
>
> (b)     a court accepted the prior position; and
>
> (c)     the party did not act inadvertently.

*Id*.  Here, all three elements are present.  First, Medline was on the Committee and Mr. Reed was

Chairman of the Committee, and Medline has asserted a legal position (the pleadings should be

unsealed) that is plainly inconsistent with the prior position of Medline and the Committee in 2016

(that the pleadings should be sealed).  Second, the Court accepted the prior position and sealed the

documents.  Third, the Committee and Medline did not act inadvertently.  Thus, Medline should

be judicially estopped from now arguing that the Bankruptcy Case should be reopened to

reconsider these prior orders and unseal documents.

---

[5] Medline has taken the position that, because Medline served on the Committee, pleadings filed by the Committee were filed on Medline's behalf.  See Reed Declaration, at ¶ 10 ("Medline served on the Official Committee of Unsecured Creditors of New Louisiana Holdings, LLC (the "Committee"), plaintiff in this adversary proceeding; thus, this action was filed on Medline's behalf.").

7

22.     Furthermore, the Court should not reopen the Bankruptcy Case simply to permit Medline to commence further proceedings to obtain relief from the Court's prior orders because such efforts would undoubtedly be futile.   The Sealing Order, the Dismissal Order and the Confirmation Order are all final orders.   While Medline devotes a substantial portion of its Memorandum to explaining why it allegedly[6] believes that the records should not have been sealed in the first place (despite the fact that the Committee argued otherwise at the time) and should be unsealed now, and what the standard of review for such decisions would be had it appealed such orders (which it did not), Medline does not explain why it believes it is entitled to relief from these final orders.

23.     A party seeking relief from a final order under Rule 60(b) must file a motion "within a reasonable time" and, with respect to reasons under Rule 60(b)(1), (2) and (3), no more than a year after the entry of the judgment or order.   *See* FED.R.CIV.P. 60(c).   While Medline has not articulated any purported grounds for relief under Rule 60(b), it is clear that any future request under Rule 60(b) would be untimely, given that more than 5 years have passed since the entry of the Sealing Order, the Dismissal Order and the Confirmation Order.

24.     Medline's request to reopen the Bankruptcy Case bears a striking resemblance to the dispute presented in *In re Bell Family Trust*, 575 Fed. Appx. 229 (5th Cir. 2014) ("*Bell*").   In *Bell*, the trustee of a chapter 7 debtor-family trust sought to reopen the chapter 7 bankruptcy case so she could move to vacate a prior judgment that had been entered against her and her holding company on the basis that the bankruptcy court lacked subject-matter jurisdiction to enter those orders.   The United States Bankruptcy Court for the Western of Louisiana denied the motion to

---

[6] HCN has sought the deposition of Shane Reed in connection with the Motion and the allegations contained in the Reed Declaration, many of which HCN believes are misleading at best and/or materially false.  As of the filing of this Objection, Medline has refused to meet and confer with HCN regarding a date and place for Mr. Reed's deposition, thereby forcing HCN to unilaterally notice Mr. Reed's deposition for later this week.

WEST\298539273.3

reopen, and the District Court affirmed, as did the Fifth Circuit Court of Appeals.   In doing so, the Court of Appeals noted that the proposed Rule 60(b)(4) motion would fail because "[a] district court's exercise of subject-matter jurisdiction, even if erroneous, is *res judicata* and is not subject to collateral attack through Rule 60(b)(4) if the party seeking to void the judgment had the opportunity previously to challenge jurisdiction and failed to do so." *Id*. at 233.  As a result, "the Rule 60 motion that Bell purports to file upon reopening has no merit, and the bankruptcy court did not abuse its discretion when it denied her motion to reopen." *Id*.

25.     Here, like in Bell, Medline had notice of the Sealing Order, the Dismissal Order and the Confirmation Order and the proceedings relating thereto.  Medline did not object to any of those orders, nor did it appeal any of those orders.  The confirmed Plan required that the Complaint be removed from the docket.  These final orders foreclose the relief now sought by Medline, and the Court should not reopen the Bankruptcy Case to pursue meritless actions. *See also Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1051, 1054 (5th Cir. 1987) (noting that bankruptcy court orders are entitled to the effect of *res judicata* and dismissing subsequent suit seeking to enforce guaranty that was released under confirmed reorganization plan).

## **RESERVATION OF RIGHTS**

26.     HCN expressly reserves the right to amend, modify, or supplement this Objection, including with respect to any additional information obtained through discovery on the Motion.

[*Remainder of Page Intentionally Left Blank*]

9

**WHEREFORE**, HCN respectfully requests that the Court deny the Motion, and for such

other and further relief as is just and necessary.

Dated:  May 3, 2022                          __/s/  Jan M. Hayden_____
                                             Jan M. Hayden, Esquire (LA Bar No. 6672)
                                             **BAKER DONELSON**
                                             201 St. Charles Avenue, 36th Floor
                                             New Orleans, Louisiana 70170
                                             Telephone:    (504) 566-5200
                                             Facsimile:    (504) 636-4000
                                             Email: jhayden@bakerdonelson.com

                                             -and-

                                             James P. Muenker
                                             **DLA PIPER LLP (US)**
                                             1900 North Pearl Street
                                             Suite 2200
                                             Dallas, Texas 75201
                                             Telephone:    (214) 743-4500
                                             Facsimile:    (214) 743-4545
                                             Email: james.muenker@us.dlapiper.com

                                             *Counsel to Health Care Navigator, LLC*