2026 SEP 17 A 8:50

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

In re: GULF COAST HEALTH CARE, LLC, et al., Debtors.

Chapter 11

Case No. 21-11336 (KBO)

(Jointly Administered)

**MOTION TO CLEAR THE RECORD, ENFORCE DISTRIBUTION ORDERS, AND DISMISS THE LIQUIDATING TRUSTEE'S DUPLICATIVE FOURTH OMNIBUS OBJECTION AS TO CLAIM NO. 20359**

John H. Freeman ("Claimant"), holder of General Unsecured Claim No. 20359, respectfully submits this Motion to Clear the Record, Enforce Prior Distribution Orders, and Dismiss/Strike the Liquidating Trustee's Duplicative Fourth Omnibus Objection (Non-Substantive) to Claims (Dockets 1693 and 1795) as it relates to Claimant. In support thereof, Claimant states as follows:

**PRELIMINARY STATEMENT**

This Motion is necessitated by a severe administrative irregularity and oversight by the Liquidating Trustee (and/or the predecessor GUC Trustee), who failed to review the active court docket before re-objecting to an already resolved, severed, and allowed claim. Claimant filed a timely response at **Docket 1692** to the GUC Trustee's Third Omnibus Objection (**Docket 1678**), which legally severed Claim No. 20359 into an independent contested matter under Federal Rule of Bankruptcy Procedure (FRBP) 3007 and 9014. Despite the court subsequently entering distribution orders at **Dockets 2209 and 2239** recognizing the validity of this claim, the Trustee has duplicatively targetted Claim No. 20359 in a Fourth Omnibus Objection (**Dockets 1693 and 1795**). This repetitive objection violates local rules, the Federal Rules of Bankruptcy Procedure, and Constitutional Due Process. Claimant seeks an order from Chief Bankruptcy Judge Karen B. Owens to permanently clear the record, confirm the allowed status of Claim No. 20359, and order the Trustee to cease repetitive administrative objections.

**BACKGROUND AND PROCEDURAL HISTORY**

1. On October 14, 2021, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.
2. Claimant John H. Freeman timely filed **Claim No. 20359** as a Section 7.A General Unsecured Claim arising from a tort personal injury lawsuit regarding his stay at a skilled nursing home facility owned and operated by the Debtors.

3. The GUC Trustee previously filed a Third Omnibus Objection (Non-Substantive) to Claims at **Docket 1678**, seeking to disallow or modify Claimant's claim.
4. On the court docket, Claimant filed a robust and timely Response at **Docket 1692**, providing comprehensive supporting documentation proving his stay, the underlying injury, and the absolute validity of his claim against the estate.
5. Pursuant to **FRBP 3007(a)(2)**, because a timely written response was filed, the objection to Claim No. 20359 was automatically severed from the omnibus group and became an independent contested matter governed by the procedures of **FRBP 9014**.
6. The Court later entered an order sustaining the remaining unopposed portions of the Third Omnibus Objection at **Docket 1796** (signed at **Docket 1799**). Because Claimant's matter was active and severed, Claim No. 20359 survived as an independent contested matter.
7. Unaware of or failing to inspect the active docket link back to **Docket 1692**, the Liquidating Trustee subsequently filed a Fourth Omnibus Objection (Non-Substantive) to Claims at **Dockets 1693 and 1795**, duplicatively listing Claim No. 20359 under the exact same non-substantive grounds.
8. Crucially, Chief Judge Karen B. Owens has since entered orders allowing distributions that explicitly recognized and accounted for the baseline validity of Claimant's allowed claim status at **Dockets 2209 and 2239**.

**TRUSTEE'S VIOLATION OF STATUTORY GROUNDS AND LOCAL RULES**

The Liquidating Trustee's inclusion of Claim No. 20359 in the Fourth Omnibus Objection constitutes a clear procedural irregularity and directly violates the following rules:

- 
- **FRBP 3007(d) & (e):** Omnibus objections are strictly reserved for claims meeting clear, non-substantive, or administrative criteria where no dispute exists. Once a response is filed under **FRBP 3007**, the matter must be litigated under **FRBP 9014**. Rolling a contested matter back into a subsequent omnibus objection is a direct violation of standard bankruptcy procedure.
- **Del. Bankr. L.R. 3007-1:** The Local Rules of the United States Bankruptcy Court for the District of Delaware govern the formatting, presentation, and limits of omnibus objections. The Trustee failed to cross-reference or exclude claims with active, filed responses (**Docket 1692**), creating administrative chaos and a clouded record.
- **FRBP 9011 (Equivalent to Rule 11):** By signing and filing **Dockets 1693 and 1795** without reviewing the historical docket or verifying that the claim had already been responded to and subsequently validated by distribution orders (**Dockets 2209 and 2239**), Trustee's counsel failed their duty of reasonable inquiry.
- 

**CONSTITUTIONAL DUE PROCESS VIOLATIONS**

The Trustee's repetitive actions rise to the level of a constitutional deprivation under the **Fifth Amendment of the United States Constitution**, which dictates that no person shall be deprived of life, liberty, or property without due process of law.

- 
- **Deprivation of Vested Property Rights:** An allowed claim in a bankruptcy estate represents a protected property interest.
- **Harassment and Undue Burden:** Forcing a pro se or individual creditor to repeatedly defend an identical claim against successive, duplicated administrative omnibus objections—after the creditor already successfully defended the claim at **Docket 1692**—violates the fundamental principles of notice and the opportunity to be heard. It constitutes an unfair procedural loop designed to exhaust the creditor's resources until a default occurs.
- 

## RESPONSES TO CHIEF JUDGE OWENS' ACTIONS TO REGAIN THE ALLOWED CLAIM

To assist Chief Judge Karen B. Owens in clearing the cloud created by the Trustee's clerical and legal irregularities, Claimant proposes and requests the following formal resolutions to clear the record:

1. **Enforce Prior Distribution Orders:** Hold that the entry of the Court's orders at **Dockets 2209 and 2239** serves as judicial confirmation that Claim No. 20359 is a valid, allowed General Unsecured Claim entitled to its pro-rata share of estate distributions.
2. **Order Voluntary Withdrawal:** Order the Liquidating Trustee's counsel to immediately file a *Notice of Voluntary Withdrawal* or an amended exhibit to the Fourth Omnibus Objection (**Dockets 1693 and 1795**) explicitly deleting Claim No. 20359 from the objection list.
3. **Decretal Relief Striking the Objection:** Alternatively, the Court should enter a definitive order striking the Fourth Omnibus Objection to the extent it applies to Claim No. 20359, declaring the claim allowed with prejudice against any future administrative or non-substantive objections by the Trustee.

## PRAYER FOR RELIEF

WHEREFORE, Claimant John H. Freeman respectfully requests that this Court enter an Order:

1. Dismissing and striking the Liquidating Trustee's Fourth Omnibus Objection (**Dockets 1693 and 1795**) with respect to Claim No. 20359;
2. Declaring Claim No. 20359 as an allowed General Unsecured Claim in accordance with the prior record at **Docket 1692** and distribution orders at **Dockets 2209 and 2239**;
3. Ordering the Liquidating Trustee to cease repetitive, duplicated objections against this claim; and
4. Granting such other and further relief as this Court deems just and proper.

Dated: September 11, 2026

Respectfully submitted,

*/s/ John H. Freeman*

John H. Freeman, Pro Se Claimant

83 W Heather Ave

Defuniak Springs, Fl. 32433

850-953-2182

computerdisksoftware@yahoo.com

---

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**
**In re:GULF COAST HEALTH CARE, LLC, et al.,Debtors.**
**Chapter 11Case No. 21-11336 (KBO)(Jointly Administered)**

**CERTIFICATE OF SERVICE**

**I**, **John H. Freeman**, hereby certify that on this 11th day of September, 2026, a true and correct copy of this Certificate of No Objection was served via electronic mail (CM/ECF or email) upon the following interested parties maintained at their respective offices in Wilmington, Delaware, and to all primary service list participants:

• **Office of the United States Trustee,**
J. Caleb Boggs Federal Building,
844 King Street,
Suite 2207, Lock Box 35, Wilmington, DE 19801
• **Clerk of the Court, United States Bankruptcy Court for the District of Delaware,**
824 N.Market Street, 3rd Floor, Wilmington, DE 19801
• **Landis Rath & Cobb LLP (As Liquidating Trustee Counsel),**
919 Market Street, Suite
1800, Wilmington, DE 19801
• **Ice Miller LLP (As Litigation Trustee Counsel),**
250 West St., Columbus, OH 43215
Registered Delaware Noticing
• **Greenberg Traurig, LLP (Creditor Counsel),**
222 Delaware Avenue,
Suite 1600, Wilmington, DE 19801
• **John H. Freeman (Pro Se Secured Creditor, Claim No. 20359),**
83 W. Heather Ave.,
DeFuniak Springs, FL 32433

**Respectfully Submitted,**

**/s/ John H. Freeman**
**John H. Freeman Pro Se Secured Creditor**
**83 W. Heather Ave.DeFuniak Springs, FL 32433**
**Telephone: 850-953-2182**
**Email:** computerdisksoftware@yahoo.com
**Claim No. 20359**

US POSTAGE AND FEES PAID
MEDIA MAIL IMI
Sep 11 2026
Mailed from ZIP 32433
1 LB MEDIA MAIL RATE
ZONE 5
10581831
063S0010282493
endicia
Part # 156297-435 RRDB2 EXP 06/26

## USPS MEDIA MAIL

Gulf Coast Healthcare
John H Freeman
83 W HEATHER AVE
21-1136 (KBO) Claim 20359
DEFUNIAK SPGS FL 32433

C012 0001

Shipped using PostalMate
Pkg:87808

SHIP TO: Office of the Clerk of the US
824 N Market St
3rd Floor
WILMINGTON DE 19801

USPS TRACKING #

9449 0508 9956 3011 9757 54